UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAFONTE COMMERCE SA <br><br> Petitioner, <br><br> v. <br><br> CONSOLIDATED MILL SUPPLY, INC. <br><br> Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 22-CV-2695 |

**PETITIONER LAFONTE COMMERCE SA'S**
**PETITION TO RECOGNIZE AND ENFORCE FOREIGN ARBITRATION AWARD**

Petitioner Lafonte Commerce SA ("Lafonte"), by and through its attorneys, Barack Ferrazzano Kirschbaum & Nagelberg LLP, for its Petition to Recognize and Enforce Foreign Arbitration Award against Respondent Consolidated Mill Supply, Inc. ("CMS"), alleges as follows:

### I.   PRELIMINARY STATEMENT

1. Lafonte seeks Court recognition and enforcement of a portion of a March 31, 2022 foreign arbitration award that was rendered in Geneva, Switzerland and that granted Lafonte relief ("Award"), and to have judgment entered thereon, pursuant to the Federal Arbitration Act, 9 U.S.C. § 207. The Award is attached as Tab 1 to the Declaration of Sergey Savostin, which is attached as **Exhibit A**.[1]

### II.   THE PARTIES

2. Lafonte is a Swiss company that has its principal place of business at Rue Beau-Sejour 15, 1003 Lausanne, Switzerland.

---

[1] The Award is being provisionally filed under seal pursuant to Local Rule 26.2(c). Lafonte is also contemporaneously filing a Motion for Leave to File Document Under Seal, which is Dkt. No. 7.

3. CMS is an Illinois corporation that has its principal place of business at 1530 E. Dundee Rd., Suite 200, Palatine, IL 60074.

### III. JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action pursuant to 9 U.S.C. § 203, because this is a civil action seeking recognition and enforcement of an award under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, *reprinted* in 9 U.S.C. § 201 (the "New York Convention").

5. This Court has personal jurisdiction over CMS because it is incorporated in Illinois, and it maintains its principal place of business at 1530 E. Dundee Rd., Suite 200, Palatine, IL 60074.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (c)(2) because CMS is in Palatine, IL. Further, venue is also proper in this Court pursuant to 9 U.S.C. § 204 because the parties' arbitration agreement and the enforcement of the Award falls under the terms of the New York Convention, and a proceeding relating to the parties' dispute could have been brought in Chicago, Illinois, if not for the parties' agreement to arbitrate the dispute.

### IV. THE AGREEMENT TO ARBITRATE

7. Lafonte and CMS were parties to the Contract 2018CMS/08 dated November 17, 2018 ("Contract") (*See* Exhibit A, at Tab 2.)

8. The Contract contained the following agreement to arbitrate:

> Any dispute, controversy or claim arising out of, or in relation to, this contract, including the validity, invalidity, breach, or termination thereof, shall be resolved by arbitration in accordance with the Swiss Rules of International Arbitration of the Swiss Chambers' Arbitration Institution in force on the date on which the Notice of Arbitration is submitted in accordance with these Rules. The number of arbitrators shall be 1 (one). The seat of the arbitration shall be Geneva, unless the parties agree on a city in another country. The arbitral proceedings shall be conducted in English.

(*See* Exhibit A, Tab 2 at ¶ 12.2.)

9. Pursuant to Clause 12.2, Lafonte initiated an arbitration on February 13, 2020 in accordance with the Swiss Rules of International Arbitration. The full procedural history of the arbitration is recited in the Award. (*See* Exhibit A, Tab 1 at ¶¶ 6-98.)

10. On March 31, 2022, the arbitrator issued the Award, which provided the following affirmative monetary relief to Lafonte:

  a. CMS is <u>ordered</u> to pay to Lafonte the amount of $7,500,000, plus interest at a rate of 1-month LIBOR +10% p.a. beginning on January 29, 2020.

  b. CMS is <u>ordered</u> to pay to Lafonte an amount of CHF 38,720 (compensation for arbitration costs).

  c. CMS is <u>ordered</u> to pay to Lafonte the following amounts (compensation for party costs and expenses): $245,806.49, CHF 471,580.40, £1,216, and €454.59.

(*See* Exhibit A, Tab 1 at ¶ 1078.)

11. The portion of the Award that Lafonte seeks to enforce has not been set aside or suspended by a competent authority of Switzerland, in which, or under the law of which, the Award was made.[2]

12. As of the date of this Petition, CMS has failed to comply with the Award.

13. Pursuant to 9 U.S.C. § 207, Lafonte has brought this action within three years after the Award was made.

---

[2] As noted in Lafonte's Memorandum in Support of Petition to Recognize and Enforce Foreign Arbitration Award (Dkt. No. 6, at p. 2 n.1), a portion of the Award granted relief to CMS. Lafonte has appealed that portion of the Award to the Swiss Federal Supreme Court ("Swiss Court") and has requested the Swiss Court to suspend only that portion of the Award during the appeal. As of the date of this filing, the Swiss Court has not ruled on the suspension request, and in any event, that portion of the Award is not subject to this Petition.

CMS has also appealed to the Swiss Court the portions of the Award granting relief to Lafonte. CMS **did not**, however, request that those portions of the Award be suspended in its appeal and they remain binding and enforceable. *See* Swiss Federal Court Act, Art. 77 & 103.

## COUNT ONE

### Recognize and Enforce Arbitration Award under the Federal Arbitration Act

14. Petitioner repeats and realleges paragraphs 1 through 13 hereof, as if fully set forth within.

15. The Federal Arbitration Act provides that the "court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the [New York] Convention." 9 U.S.C. § 207.

16. The New York Convention allows refusals and deferrals of recognition and enforcement of the award **only** where:

   (a) The parties to the agreement . . . were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or (b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or (c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced; or (d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or (e) The award has not yet become binding, on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

   (b) Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that: (a) The subject matter of the difference is not capable of settlement by arbitration under the law of that country; or (b) The recognition or enforcement of the award would be contrary to the public policy of that country.

4

New York Convention, art. V.

17. None of the grounds available for refusal or deferral of recognition or enforcement of an award specified in the New York Convention are applicable to the Award. (*See* Lafonte's Memorandum in Support of Petition to Recognize and Enforce Foreign Arbitration Award ("Memorandum"), Dkt. No. 6, at pp. 4-5.)

18. Therefore, pursuant to 9 U.S.C. § 207, this Court should recognize and enforce the Award and enter judgment in favor of Petitioner and against CMS.

19. Further, under the terms of the Award, Petitioner is entitled to interest on the $7,500,000 portion of the Award at 1-month LIBOR +10% p.a. beginning on January 29, 2020. As of May 1, 2022, the total interest thus far accrued is $1,738,608.76. (*See* Exhibit A, at ¶ 6 & Tab 3.)

20. Finally, certain portions of the Award are in foreign currency. Those portions, however, should be converted into US Dollars. (*See* Dkt. No. 6, at 5.)

21. By reason of the foregoing, the Court should issue an order recognizing and enforcing the Award and direct that judgment be entered thereon.

**WHEREFORE**, Petitioner Lafonte Commerce SA respectfully requests that this Court issue an order that provides the following relief:

a. Pursuant to 9 U.S.C. § 207 recognizing and enforcing the Award and entering a judgment in favor of Lafonte and against CMS in accordance with the Award;

b. Awarding the following dollar amounts to Lafonte:

　i. $8,011,144.36 in damages, arbitration costs, and expenses.

　ii. $1,738,608.76 in interest as of May 1, 2022, at a rate of 1-month LIBOR +10% p.a. beginning on January 29, 2020.

c. Awarding additional interest after May 1, 2022 at a rate of 1-month LIBOR +10% p.a. until the judgement is paid in full; AND

d. Awarding such other and further relief as this Court deems just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | PETITIONER LAFONTE COMMERCE SA |
| Date: May 20, 2022 | By: */s/ Matthew F. Singer* <br> One of its attorneys |

Stanley F. Orszula (ARDC #6257162)
stan.orszula@bfkn.com
Steven J. Yatvin (ARDC #6270856)
steven.yatvin@bfkn.com
Matthew F. Singer (ARDC #6284001)
matthew.singer@bfkn.com
BARACK FERRAZZANO KIRSCHBAUM
& NAGELBERG LLP
200 W. Madison St., Ste. 3900
Chicago, IL 60606
(312) 984-3100 (phone)
(312) 984-3150 (fax)