# EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAFONTE COMMERCE SA,<br><br>    Petitioner,<br><br>v.<br><br>CONSOLIDATED MILL SUPPLY, INC.,<br><br>    Respondent. | Civil Action No. 22-CV-2695<br><br>**DECLARATION OF DR. STEFANIE PFISTERER IN SUPPORT OF RESPONDENT'S OPPOSITION TO PETITIONER'S PETITION TO RECOGNIZE AND ENFORCE AND RESPONDENT'S MOTION TO STAY** |

I, Dr. Stefanie Pfisterer, declare the following to be true:

1. I am a member of the bar of Zurich, Switzerland as well as the bar of the State of New York and a partner of the law firm of Homburger AG ("**Homburger**"), counsel to Respondent Consolidated Mill Supply, Inc. ("**CMS**") in the above-captioned action. I was lead counsel for CMS in the arbitration against Lafonte Commerce SA ("**Lafonte**"), Swiss Rules Case No. 300498-2020.

2. I submit this Declaration in support of CMS's Opposition to Petitioner Lafonte's Petition to Recognize and Enforce Foreign Arbitration Award in the above-captioned action and in support of CMS's "Motion to Stay This Proceeding" pending the conclusion of appeal proceedings before the Federal Supreme Court in Lausanne, Switzerland. I am also counsel to CMS in those appeal proceedings.

**CMS's Appeal**

3. On 16 May 2022, CMS filed an appeal ("CMS's Appeal") with the Swiss Federal Supreme Court, case number 4A_216/2022, against dispositive paras. (ii), (iv), (v) and (vi) of the

1

final award dated 31 March 2022 that is the subject of this Civil Action ("Award"). In CMS's Appeal, CMS requested the following [translated]:

> "1. Dispositive paragraphs (ii), (iv), (v) and (vi) of the Final Award of March 31, 2022 shall be set aside and the proceedings shall be remitted to the Sole Arbitrator for a new decision.
>
> 2. With costs and compensation to be borne by the appellee [Lafonte]."

4. Due to the parties' agreement that the seat of the arbitration be in Geneva, Switzerland, and the fact that CMS is not domiciled in Switzerland, the Swiss International Private Act (**PILA**), which embodies the Swiss international arbitration law, governs the arbitration proceedings as *lex arbitri* (article 176(1) PILA). Accordingly, the appeal proceedings are subject to the PILA and the Swiss Federal Supreme Court is the only appeal authority according to article 191 PILA.

5. In CMS's Appeal, CMS argues a violation of CMS's right to be heard and a violation of public policy.

6. Pursuant to the PILA, an award may be appealed, "where the principle of equal treatment of the parties or their right to be heard in an adversary procedure were violated" (article 190(2)(d) PILA). According to the case law of the Federal Supreme Court, the right to be heard gives each party the right to comment on the facts essential to the judgment, to present its legal point of view, to make requests for evidence, to participate in the hearings, and to examine, comment on and refute the submissions of the opposing party (Swiss Federal Supreme Court, ATF 142 III 360, decision dated 26 April 2016, para. 4.1.1). The right to be heard of a party is violated if its rights in the proceedings were disregarded to such an extent that its submissions on an issue essential to the decision were practically not heard at all (Swiss Federal Supreme Court, ATF 142

2

III 360, decision dated 26 April 2016, para. 4.1.1; Swiss Federal Supreme Court, ATF 133 II 235, decision dated 22 March 2007, para. 5.2).

7. Further, an award can be set aside if it is incompatible with public policy (article 190(2)(e) PILA). Pursuant to the case law of the Federal Supreme Court, an award is incompatible with public policy if it "violates fundamental principles of law and is therefore incompatible with the Swiss system of law and values per se" (Swiss Federal Supreme Court, ATF 132 III 389, decision dated 8 March 2006, para. 2.2.1; Swiss Federal Supreme Court, ATF 128 III 191, decision dated 3 April 2002, para. 4a; Swiss Federal Supreme Court, ATF 126 III 249, decision dated 28 April 2000, para. 3b). In particular, an award is incompatible with *substantive* public policy if the substantive assessment of a disputed claim violates fundamental principles of law. These fundamental legal principles include the basic legal principles such as contractual compliance/loyalty (*pacta sunt servanda*), good faith or the prohibition of abuse of rights (Swiss Federal Supreme Court, ATF 138 III 322, decision dated 27 March 2012, para. 4.1; Swiss Federal Supreme Court, ATF 132 III 389, decision dated 8 March 2006, para. 2.2.1).

8. In CMS's Appeal, CMS argued that the Sole Arbitrator violated CMS's right to be heard because he had disregarded CMS's arguments and evidence filed in relation to the quantum of CMS's claims under the so-called CMS-Lafonte BRS Contract (CMS's Appeal, para. 95 et seqq.). In addition, CMS argued that the Award is incompatible with public policy because the Sole Arbitrator affirmed a contract, i.e. the duty of the parties to adjust prices for supplies under

the CMS-Lafonte BRS Contract (Award, para. 754 f.), but refused to apply this contract (CMS's Appeal, para. 113 et seqq.).

9. The Swiss Federal Supreme Court informed Lafonte about CMS's Appeal on 18 May 2022 and served Lafonte with CMS's Appeal with an order of the Swiss Federal Supreme Court dated 1 June 2022. In this order, the Swiss Federal Supreme Court set Lafonte's deadline to respond to CMS's Appeal for 22 June 2022.

10. On 7 June 2022, Lafonte requested release from the deadline to file a response to CMS's Appeal and requested a security payment in the amount of CHF 50,000 from CMS for its potential claim for attorney's fees in case CMS's Appeal is dismissed. The Swiss Federal Supreme Court released Lafonte for the time being from the deadline to file a response to CMS's Appeal and gave CMS the opportunity to respond to Lafonte's request for a security payment (Swiss Federal Supreme Court order dated 8 June 2022).

11. On 27 June 2022, CMS filed its response to Lafonte's request for a security payment. CMS requested that Lafonte's request be dismissed or, in the alternative, that CMS only be obligated to pay a security in the amount of CHF 15'000 (including VAT).

12. As a next step, the Swiss Federal Supreme Court will decide on Lafonte's request for a security payment. If CMS is ordered to pay a security payment, the Swiss Federal Supreme Court will set Lafonte a deadline to respond to CMS's Appeal after CMS pays the security payment to the Swiss Federal Supreme Court. This deadline will most likely be 20 days (as the deadline set by the Swiss Federal Supreme Court with order dated 1 June 2022) and Lafonte can ask for an

extension of this deadline by another 20 days. Hence, we expect that Lafonte will have to file its response by around September 2022.

13. With Lafonte's response, the parties' written submissions will in principle be completed. The Federal Supreme Court may invite another round of submissions. I estimate that the Federal Supreme Court will render its decision by December 2022. The decision of the Swiss Federal Supreme Court will be final (article 191 PILA).

**Lafonte's Appeal**

14. On 19 May 2022, I, on behalf of CMS, received notice from the Swiss Federal Supreme Court of an appeal filed by Lafonte against the Award, case no. 4A_214/2022 ("Lafonte's Appeal") including the following procedural motions [translated]:

> "1. The present appeal in civil matters shall be granted suspensive effect in the amount of USD 2,479,630.66 plus 5% interest since 8 October 2020 (dispositive paragraph (ii) in paragraph 1078 of the Award).
> 2. The full file of the Swiss Arbitration Centre proceedings no. 300498-2020 shall be consulted."

15. The Federal Supreme Court set CMS a deadline to file its response to Lafonte's Appeal. The deadline was subsequently extended until 29 June 2022.

16. As a next step, CMS will file its response. With CMS's response, the parties' written submissions will in principle be completed. The Federal Supreme Court may invite another round of submissions. I estimate that the Federal Supreme Court will render its decision by December 2022. The decision of the Swiss Federal Supreme Court will be final (article 191 PILA).

17. I base my opinion regarding the time frame in which CMS's appeal will be completed on my personal experience in prior appeals to the Federal Supreme Court as well as

5

available statistical data finding that appeal proceedings before the Federal Supreme Court are generally resolved with within 6-7 months from the date when the appeal is filed. I have attached a copy of Felix Dasser and Piotr Wójtowicz, "Swiss International Arbitral Awards Before the Federal Supreme Court. Statistical Data 1989-2019", in: Matthias Scherer (ed), ASA Bulletin, 2021, Volume 39 Issue 1, p. 23 to my Declaration as Exhibit A for reference.

I declare that the foregoing is correct to the best of my knowledge, information and belief.

    Executed in Zurich, Switzerland on 28 June 2022.

_____
Stefanie Pfisterer